Presiding Judge Scott
delivered the opinion of the court.
This is an action by the appellee for breach of contract upon what purports to be a bond of appellant, the substantial part of which is'as follows:
*491 “This is to certify, that in consideration of the payment of five hundred and eighty (580) dollars to be paid upon delivery of this bond, and of the payment of twenty (20) dollars to be paid on the first day of every successive month for a period of 115 months from the date hereof, The International Improvement Company promises and agrees to pay to John M. Wagner, of Ogden, State of Utah, the sum of four thousand (4,000) -dollars, at its office at Denver, Colorado, 9 7-12 years from the date hereof. This bond is subject to the provisions hereon endorsed, which are hereby referred to and made a part of the same. This bond may be applied to the purchase of real estate for sale by the company, subject to its regular selling conditions. It may be transferred by endorsement and record thereof on the books of the company acknowledged hereon.
IN WITNESS WHEREOF, The International Improvement Company has caused this bond to be signed by its president and attested by its secretary at its office at Denver, Colorado, this first day of January, A.D. 1906.”
The bond contained twelve subject provisions or endorsements entitled “privileges and conditions.” Of these it is necessary to notice two only:
“First. At any time with interest and profits added; to apply in the purchase of real estate for sale by the company, subject to its regular selling conditions.
Fourth: At any time after two years the legal holder of this bond may borrow 75 per cent, of the amount paid in, with bond to maturity by complying with its conditions. ” •
The complaint set up two causes of action, but a *492 demurrer was sustained to the second cause and the trial was had upon the first.
This alleged, among’ other things, a compliance with all the terms and conditions of the bond, and the payment by the plaintiff to defendant of the principal sum of the bond on the day of its date, together with thirty monthly payments of $20.00 each. Also failure and refusal upon the part of the defendant to comply with provisions one and four, as above set out, in that the defendant had failed and refused to sell the plaintiff real estate and apply the accrued values thereon as agreed; also failure and refusal to loan to the plaintiff seventy7five per cent, of the value as agreed in provision four.
The prayer was for damage in the -sum of $1,-180.00, being equal to the total amount paid by the plaintiff including the monthly payments.
The answer admitted the failure to make the agreed loan to the plaintiff, but alleged as a reason therefor, that there was not and had not been since plaintiff’s application, sufficient funds on hand to make such loan, and that there were- other applications for loans antedating that of plaintiff, not yet complied with, and that plaintiff would be made a loan, if he was entitled to one, when his turn is reached on the books of the company. The answer further denied the allegation as to failure and refusal of the defendant to apply the payments he had made upon the purchase of real estate.
The evidence offered upon the part of the plaintiff seems to fully support the complaint.
The defendant interposed a motion for non-suit, presumably, as gathered from the language, upon the ground that the complaint does not state facts suf *493 ficient in law to constitute a cause of action against the defendant. This motion was overruled and the defendant declining to offer any testimony the court directed a verdict' in the sum of $1,211.43, which apparently equals the amount paid by the plaintiff on the contract including interest from the date of the filing of the complaint.
The argument of appellant appears to be based upon the theory that the defendant is a Building and Loan Association and that this is a ease of withdrawal, but if it is, there is nothing in the contract or the record which so indicates. The’defendant is a Colorado corporation.
“That all associations organized under the general incorporation laws of this state, for the purpose of the accumulation and loan of funds, the erection of buildings, the acquiring of homes, and the purchase, lease and sale of real estate for the mutual benefit of its members, shall be permitted to conduct such business with its members exclusively.” 1 Mills Stat., sec. 279.
“The words ‘Loan and Building Association,’ ‘Building Association’ or ‘Building and Loan Association,’ shall form part of the corporate name of every such corporation. ’ ’ 3 Mills Stat., sec. 280.
Beside, provision eleven of “privileges and conditions ’ ’ expressly recites:
“Eleventh. This bond being’the contract between the owner and a corporation, the owner is not liable for any obligations of the .company. ”
This would seem' to exclude any possibility of mutual rights, benefits and obligations applicable to. the members of a building and loan association made necessary under the statute, although both parties *494 on the trial seem to have treated the defendant as snch.
The proof then having sustained the complaint, we have before us only the legal question as to the sufficiency of these, involved in the refusal of the court to grant a non-suit.
It is urged by appellant that before plaintiff can recover he must show that there are funds in the hands of the defendant which can lawfully be applied to the making of a loan.
Many cases are cited in support of this contention but these are all cases between members of building associations themselves in which there were mutual agreements between the members, and where all alike are bound by the by-laws of the societies.
This is not a case involving the question of withdrawal as a member of such an association, but on the contrary involves the question of the surrender of a contract with the company, in which the holder is not shown to have any other interest.
As before ■ recited, in the case at bar it is expressly agreed in the bond that the same is a contract between the holder and the corporation. There is nothing to indicate, either in the bond or the record, that the plaintiff was a member of the association or had any interest in it except as the purchaser and holder of its bond.
Hence the cases cited can have no' application.
This is clearly an action for breach of contract in which the plaintiff seeks to recover upon a contract with it to the effect that if plaintiff shall make the agreed payments as therein provided, he may surrender such contract at any time and have the money paid on it, together with interest and profits *495 applied in tlie purchase of real estate for sale by the company, subject to its regular selling’ conditions, and further that at any time after two years, the legal holder of the bond may borrow 75 per cent, of the money paid in by complying with the conditions of the contract.
The evidence shows that the defendant refused to sell the plaintiff real estate, but based such refusal on the statement that it had no real estate that it was in a position to dispose of. •
It is not necessary to discuss this alleged breach, for there was a clear breach of that provision of the agreement providing for a loan to plaintiff of 75 per cent, of the money he had paid in. It is contended that the words “may borrow” made this optional with the defendant as to whether or not it should, make plaintiff the loan. We do not think so. We regard it as the clear right of the plaintiff under the contract, to borrow this sum of money and the clear obligation of the company to make the loan without any condition.
It was plainly one of the inducements and considerations of the contract and the failure of the defendant to meet its obligation in this respect, was such a breach of the agreement as is actionable.
The judgment is affirmed.
All the judges concurring.